OPINION OF THE COURT
Bentley Kassal, J.
Respondent’s application for reargument or for "reconsideration” of my decision, dated November 6, 1978 (96 Misc 2d 1059) is granted.
The issue raised by respondent on this motion was previously considered by me but, to the degree that the prior decision did not make an explicit finding on this point, it warrants this clarification.
In essence, respondent urges that it would be less intrusive on the personal privacy of potential grand jurors if the fingerprint check were only made after the prospective juror had been found qualified, based upon the initial interview and *333 questionnaire. This would be about one week prior to the date of actual Grand Jury service. The reason alleged is that if they were otherwise found not qualified to serve in that capacity, there would be no need to be fingerprinted.
Under all of the facts and circumstances presented, I find that the procedure now employed in this regard is not impermissibly intrusive. Although empirical data would be extremely difficult to obtain, petitioner’s argument appears reasonable that the requirement for fingerprinting at the time of the initial interview does encourage truthful answers to the questionnaire. Also, if fingerprinting were limited to only those people who otherwise qualified, a safeguard would be removed which prevents people from giving false answers to avoid jury service. While this is not as serious a problem as permitting unqualified persons to serve on Grand Juries, it is a necessary element in the integrity of the entire system in terms of ascertaining those who are available for such duty. Petitioner claims that this requested change would also place a further and unnecessary burden on the administration of the Grand Jury system. The court has considered this element and agrees.
Finally, I am well aware of the inconvenience already caused to jurors in general and the degree to which each subsequent appearance disrupts their lives and business affairs, thereby encouraging many qualified people to seek to avoid jury duty. It is in everyone’s interest to ease the burden of jury service, thereby helping to guarantee that a fair cross section of qualified jurors serves and to excuse only those properly disqualified.
For all of these reasons, the prior decision is adhered to in all respects and the modification in procedure sought is disallowed.