■ NORMAN GOODMAN, as County Clerk of New York County, Respondent, v JOAN LIEBOVITZ, Appellant.—Judgment, Supreme Court, New York County, entered January 9, 1979, is affirmed, without costs. Fingerprinting of prospective grand jurors constitutes a minimal invasion of privacy, further ameliorated by the reasonable directions of Special Term that prints transmitted for verification to any agency of government shall not be retained of record, unless already on file, with a choice given each prospective juror to have the prints returned. A grant of an option to evade any form of jury service by refusing to be printed would contribute to the undermining of the principle of universality of service. There are too many avenues of evasion already open. Concur—Sandler, Sullivan, Bloom and Markewich, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: Pursuant to section 514 of the Judiciary Law[1] and section 620.6 of the rules of this

---

1. "514. Grand jurors The prospective grand jurors shall be drawn at random from the list, pool or reservoir of persons qualified as jurors in the county. The qualifications for service as a grand juror shall be the same as the qualifications for service as a petit juror. The commissioner of jurors may require the fingerprinting of all persons

court (22 NYCRR 620.6),[2] the respondent-appellant was required to submit to fingerprinting as a prospective grand juror. Respondent-appellant contended that fingerprinting was an unwarranted invasion of her privacy in derogation of the Fourth and Fourteenth Amendments of the United States Constitution, and further that she was denied equal protection of the law, inasmuch as there was no requirement that petit jurors be fingerprinted. She also contended that the procedure employed was not consistent with the least intrusive means doctrine. A contempt proceeding was held, pursuant to section 751 of the Judiciary Law, and Mr. Justice Kassal at Special Term dismissed the application to punish for contempt without prejudice, provided that certain additional procedures were established to the effect that: (1) All fingerprints transmitted to a governmental agency for verification shall be accompanied by instructions that no record of such fingerprints shall be retained by the verifying source unless they already had a copy on file; and (2) Prospective grand jurors shall have the option to elect to have their fingerprint records made available for return after the purpose had been accomplished. He, however, sustained the requirement for fingerprinting as a necessary safeguard. My partial dissent has reference only to the recognition of the right of the individual for a privacy choice. Inasmuch as jury service is compulsory, the requirement for fingerprinting has a rational basis, and there may be no discrimination in choosing grand jurors *(Castaneda v Partida,* 430 US 482), an accommodation should be found consistent with the need indicated, and there should be a minimization of the impact of the requirement to the extent possible. Even if the justification proffered "be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved." *(Wooley v Maynard,* 430 US 705, 716, quoting *Shelton v Tucker,* 364 US 479, 488.) In this sense, the analysis is similar to that in the case of *New York Times Co. v United States* (403 US 713 [the Pentagon Papers case]). The obstacles to issuance of a contempt citation should be formidable. (Cf. *Nebraska Press Assn. v Stuart,* 427 US 539, 593-594 [Brennan, J., concurring].) At the present time, many more persons are

drawn for grand jury service. A record of the persons who are called for service as grand jurors and who are found not qualified or disqualified or who are exempted or excused, and the reasons therefor, shall be maintained by the commissioner of jurors. The county jury board shall have the power to review any determination of the commissioner as to qualifications, disqualifications, exemptions and excuses. The names of jurors drawn and qualified for service on a grand jury shall constitute the grand jury list, pool or reservoir for that county and shall be separated from the petit jury list, pool or reservoir. The duration of the grand jury list, pool or reservoir shall be prescribed by the appropriate appellate division."

2. "620.6 Grand jury list. (a) No person shall be selected to serve as a grand juror unless he has previously been qualified as a petit juror and has been interviewed and fingerprinted in the office of the county clerk * * * (b) If the juror is found otherwise available for grand jury service, his fingerprint record shall be forwarded to the Division of Criminal Justice Services of the State of New York, Identification and Information Services, for checking against the record of that department. (c) On the basis of the interview and fingerprint check, the county clerk shall maintain records of the persons who have appeared at his office for interview and fingerprinting, which records shall contain the names of those found available to serve as grand jurors and the names of those found disqualified or unavailable because of other jury service or rejected, exempted or excused, with the reasons therefor, and shall submit such data to the county jury board."

called for grand jury service than are chosen. There is no need to fingerprint unless it is clear that it is a "but for" matter. Further, a person who refuses to be fingerprinted should have the right to forefeit service on the Grand Jury. The system will manage very well without the service of that person. (See *People v Siciliano,* 52 AD2d 408 [dissent at p 424], affd 40 NY2d 996.) The opinion by Judge Weinfeld in *Thom v New York Stock Exch.* (306 F Supp 1002, affd *sub nom. Miller v New York Stock Exch.,* 425 F2d 1074, cert den 398 US 905) is persuasive, but has no application on the point involved. The person who there desired not to be fingerprinted had the right not to be employed in the securities industry. [96 Misc 2d 1059, on reargument 103 Misc 2d 332.]